**RECORD NO. 22-4147**

*In The*

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## MALEK LASSITER, a/k/a Leeko,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## AT NORFOLK

───────────

## AMENDED BRIEF OF APPELLANT

───────────

**Paul G. Beers**
**GLENN, FELDMANN, DARBY & GOODLATTE**
**37 Campbell Avenue, S.W.**
**Post Office Box 2887**
**Roanoke, Virginia 24001**
**(540) 224-8035**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT OF THE ISSUES....................................................................1

STATEMENT OF THE CASE AND RELEVANT FACTS ....................................2

    A.    Procedural History....................................................................2

            Lassiter's Initial Sentence ............................................2

            Lassiter's First Appeal ................................................3

            Lassiter's Resentencing ..............................................4

    B.    Statement of Relevant Facts ....................................................6

SUMMARY OF THE ARGUMENT ...............................................................7

ARGUMENT ............................................................................................8

    Standard of Review....................................................................8

    I.    LASSITER'S CONVICTIONS UNDER 18 U.S.C. § 924(C) ON COUNTS 25 AND 28 ARE NO LONGER LAWFUL AS A RESULT OF UNITED STATES V. TAYLOR, 142 S. CT. 2015 (JUNE 21, 2022)........................................................................9

    II.    LASSITER'S SENTENCE MUST BE VACATED AND REMANDED FOR RESENTENCING BECAUSE THE DISTRICT COURT ERRED BY IMPOSING SUPERVISED RELEASE SPECIAL CONDITION 1 AND STANDARD CONDITION 12........................................................................16

A.    The Material Inconsistency Between The District Court's Oral Pronouncement Of Special Condition 1 At Lassiter's Sentencing Hearing And The Written Version In The Final Judgment Requires Remand ....................................................16

B.    The Risk-Notification Requirement In Standard Condition 12 Is An Unduly Vague And Overbroad Delegation Of Authority To Lassiter's Probation Officer...............................19

CONCLUSION .......................................................................................21

REQUEST FOR ORAL ARGUMENT .................................................22

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

## <u>CASES</u>

Commonwealth v. Herring,
    288 Va. 59 (2014) ........................................................................11

Johnson v. United States,
    559 U.S. 133 (2010) ....................................................................12

Martinez-Aguilar v. United States,
    2021 U.S. Dist. LEXIS 247233 (D. Md. Dec. 27, 2021) ..............14

United States v. Allred,
    942 F.3d 641 (4th Cir. 2019) .......................................................12

United States v. Boles,
    914 F.3d 95 (2d Cir. 2019) ..........................................................20

United States v. Boyd,
    5 F.4th 550 (4th Cir. 2021) ..........................................................21

United States v. Brown,
    2022 U.S. App. LEXIS 21979 (4th Cir. Aug. 9, 2022) ................19

United States v. Cabral,
    926 F.3d 687 (10th Cir. 2019) ...............................................20, 21

United States v. Campos,
    2022 U.S. Dist. LEXIS 7233 (E.D. Va. Jan 13, 2022) ................14

United States v. Cisson,
    33 F.4th 185 (4th Cir. 2022) ...............................................8, 18, 19

United States v. Evans,
    883 F.3d 1154 (9th Cir. 2018) .....................................................20

iii

United States v. Hill,
     818 F.3d 342 (7th Cir. 2016) .........................................................20

United States v. Johnson,
     765 F.3d 702 (7th Cir. 2014) ......................................................18

United States v. Lewis,
     958 F.3d 240 (4th Cir. 2020) ........................................................8

United States v. Lockhart,
     947 F.3d 187 (4th Cir. 2020) ...................................................8, 15

United States v. Mathis,
     932 F.3d 242 (4th Cir. 2019) .......................................................13

United States v. Oliver,
     2022 U.S. App. LEXIS 11301 (4th Cir. Apr. 26, 2022)................................21

United States v. Rogers,
     961 F.3d 291 (4th Cir. 2020) .................................................*passim*

United States v. Ross,
     912 F.3d 740 (4th Cir. 2019) ........................................................9

United States v. Shepard,
     741 Fed. Appx. 970 (4th Cir. Nov. 19, 2018) ..............................................14

United States v. Simmons,
     999 F.3d 199 (4th Cir. 2021) .........................................3, 6, 11, 12

United States v. Singletary,
     984 F.3d 341 (4th Cir. 2021) .................................................16, 18

United States v. Taylor,
     979 F.3d 203 (4th Cir. 2020) ..................................................9, 13

United States v. Taylor,
     142 S. Ct. 2015 (June 21, 2022) ............................................*passim*

iv

United States v. Thompson,
     777 F.3d 368 (7th Cir. 2015) ...........................................................20

United States v. Tyson,
     2022 U.S. App. LEXIS 8448 (4th Cir. Mar. 30, 2022) ...................9

United States v. Villegas,
     777 Fed. Appx. 660 (4th Cir. Sept. 23, 2019) ...............................13

United States v. Williams,
     834 Fed Appx 6 (4th Cir. Jan. 21, 2021) .......................................13

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. V...........................................................................21

## STATUTES

18 U.S.C. § 924(c) ...........................................................................*passim*

18 U.S.C. § 924(c)(1)(A) .............................................................2, 3, 7

18 U.S.C. § 924(c)(3).............................................................................13

18 U.S.C. § 924(c)(3)(A) ...............................................................*passim*

18 U.S.C. § 924(e)(2)(B)(i)...................................................................12

18 U.S.C. § 1951(a) ................................................................................9

18 U.S.C. § 1951(b) ................................................................................9

18 U.S.C. § 1959(a)(3)........................................................................2, 3

18 U.S.C. § 1959(a)(5)....................................................................2, 3, 11

18 U.S.C. § 1962(d) ............................................................................2, 4

18 U.S.C. § 3231 ....................................................................................1

18 U.S.C. § 3553(a) ........................................................................5, 21

18 U.S.C. § 3553(a)(2)(B)-(D) ...................................................19

18 U.S.C. § 3583(d) ....................................................................17

18 U.S.C. § 3583(d)(2) ...........................................................19, 21

18 U.S.C. § 3742(a) .......................................................................1

28 U.S.C. § 1291 ...........................................................................1

VA CODE ANN. § 18.2-32 ...........................................................11

## **OTHER AUTHORITIES**

United States Sentencing Guidelines ..............................................*passim*

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The United States District Court for the Eastern District of Virginia had subject matter jurisdiction over this prosecution pursuant to 18 U.S.C. § 3231 upon remand from the United States Court of Appeals for the Fourth Circuit. On March 1, 2022, Malek Lassiter ("Lassiter") filed his Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (J.A. 174) [1] with respect to the district court's Judgment of February 23, 2022, (J.A. 167-173) sentencing him to 300 months in prison followed by five years of supervised release.

Pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), the United States Court of Appeals for the Fourth Circuit has jurisdiction over Lassiter's appeal of his several counts of conviction and the district court's imposition of a total sentence of 300 months (25 years) and a five-year term of supervised release.

## STATEMENT OF THE ISSUES

I.    WHETHER LASSITER'S CONVICTIONS UNDER 18 U.S.C. § 924(c) ON COUNTS 25 AND 28 MUST BE VACATED AS A RESULT OF UNITED STATES V. TAYLOR, 142 S. CT. 2015 (JUNE 21, 2022)?

II.   WHETHER LASSITER'S SENTENCE MUST BE VACATED AND REMANDED FOR RESENTENCING BECAUSE THE DISTRICT COURT ERRED BY IMPOSING SUPERVISED RELEASE SPECIAL CONDITION 1 AND STANDARD CONDITION 12?

---

[1] References to the parties' Joint Appendix are designated "J.A." plus the relevant page number in the Joint Appendix.

1

## STATEMENT OF THE CASE AND RELEVANT FACTS

A.    Procedural History

Lassiter's Initial Sentence

On April 24, 2019, the United States District Court for the Eastern District of Virginia sentenced Lassiter to a total term of imprisonment of 420 months on nine counts of conviction. Specifically, the trial court imposed the following periods of incarceration upon Lassiter:

1.    Count 1: Conspiracy to Racketeer in violation of 18 U.S.C. § 1962(d), 180 months.
2.    Count 22: VICAR Attempted Murder of Lixander Henry ("Lanez") in violation of 18 U.S.C. § 1959(a)(5), 120 concurrent months.
3.    Count 23:  Possession of a firearm in furtherance of a crime of violence against Lixander Henry ("Lanez") in violation of 18 U.S.C. § 924(c)(1)(A), 60 consecutive months.
4.    Count 24: VICAR Attempted Murder of Dashede Keen ("Nino") in violation of 18 U.S.C. § 1959(a)(5), 120 concurrent months.
5.    Count 25: Possession of a Firearm in Furtherance of a Crime of Violence against Dashede Keen ("Nino") in violation of 18 U.S.C. § 924(c)(1)(A), 60 consecutive months.
6.    Count 26: VICAR Attempted Murder of Sparkle Morris in violation of 18 U.S.C. § 1959(a)(5), 120 concurrent months.
7.    Count 27: VICAR Assault with a Dangerous Weapon against Sparkle Morris in violation of 18 U.S.C. § 1959(a)(3), 180 concurrent months.
8.    Count 28: Possession and Discharge of a Firearm in Furtherance of a Crime of Violence against Sparkle Morris in violation of 18 U.S.C. § 924(c)(1)(A), 120 consecutive months.
9.    Count 29: VICAR Assault with a Dangerous Weapon against residents of an apartment complex adjacent to the home of

2

Sparkle Morris in violation of 18 U.S.C. § 1959(a)(3), 180 concurrent months.

(Judgment in a Criminal Case, April 24, 2019, Dist. Ct. Document 570, pp. 1-6.)

Lassiter's First Appeal

Lassiter noted a timely appeal of his nine counts of conviction and 420 months sentence to the United States Court of Appeals for the Fourth Circuit.[2]  The Fourth Circuit vacated four of Lassiter's nine counts of conviction. The vacated convictions are enumerated below:

> 1.    Count 22: VICAR Attempted Murder of Lixander Henry ("Lanez") in violation of 18 U.S.C. § 1959(a)(5), 120 concurrent months.
> 2.    Count 23:  Possession of a firearm in furtherance of a crime of violence against Lixander Henry ("Lanez") in violation of 18 U.S.C. § 924(c)(1)(A), 60 consecutive months.
> 3.    Count 27: VICAR Assault with a Dangerous Weapon against Sparkle Morris in violation of 18 U.S.C. § 1959(a)(3), 180 concurrent months.
> 4.    Count 29: VICAR Assault with a Dangerous Weapon against residents of an apartment complex adjacent to the home of Sparkle Morris in violation of 18 U.S.C. § 1959(a)(3), 180 concurrent months.

United States v. Simmons, 999 F.3d 199, 234 (4th Cir. 2021) (reversing Lassiter's convictions on Counts 22, 23, 27, and 29 and remanding for resentencing).[3]

---

[2] The Fourth Circuit appointed the undersigned lawyer from Roanoke to represent Lassiter on appeal.

[3] On November 21, 2021, the United States Supreme Court denied Lassiter's petition for a writ of certiorari with respect to his conspiracy conviction on Count 1.

<u>Lassiter's Resentencing</u>

Lassiter's resentencing on the five remaining counts of conviction (Counts 1, 24, 25, 26, and 28) occurred on February 23, 2022, in Norfolk.[4]  In the runup to resentencing, on February 9, 2022, the United States Probation Office filed a Revised Presentence Investigation Report (J.A. 176-207) ("Revised PSR").  The Probation Office in its Revised PSR calculated Lassiter's advisory incarceration range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") at 324 to 405 months. Despite this elevated range, the Probation Office noted, Lassiter's statutory exposure under 18 U.S.C. § 1962(d) on Count 1 is capped at 20 years, or 240 months. (J.A. 194).

Statutory limits of 10 years govern Lassiter's incarceration exposure on Counts 24 and 26. <u>Id.</u> Finally, Lassiter's Guidelines range on his two Section 924(c) convictions (Counts 25 and 28) is a total of 180 months consecutive to his sentences on the three concurrent counts. (J.A. 194).

On February 10, 2022, Lassiter filed a Motion for Downward Departure or Variance Below the Otherwise Applicable Sentencing Guidelines Range (J.A. 104-106).  Lassiter moved for a sentence no greater than 240 months on his five counts

---

[4] The United States District Court for the Eastern District of Virginia appointed the undersigned to represent Lassiter on remand.

4

of conviction combined, i.e., 60 months on the three concurrent counts plus 180 months on the two consecutive counts.

The district court held a resentencing hearing on February 23, 2022. (J.A. 120-166). After expressly considering the legislative objectives codified in 18 U.S.C. § 3553(a) (J.A. 151-158), Judge Davis granted in part Lassiter's Motion for a Downward Departure below the otherwise applicable Guidelines range. The district court sentenced Lassiter to a total term of imprisonment of 300 months, i.e., 120 fewer months than his original sentence. Judge Davis explained that these 300 months were a product of the following mix of concurrent and consecutive sentences:

> . . . This term consists of 120 months on Count 1, 120 months on Count 24 and 120 months on Count 26, all to be served concurrently. Additionally, the sentence consists of 60 months on Count 25 and 120 counts on Count 28, to be served consecutively to each other and to all other counts. All of that for a total, as I said, of 300 months of incarceration.

(J.A. 160).

In fixing this sentence, the district court adopted the Guidelines calculations contained in the Revised PSR. Lassiter through counsel informed the district court he had no objection to those calculations. (J.A. 128-129).

Along with imprisoning Lassiter for 300 months, the district court re-imposed a five-year term of supervised release. "This term consists of three years each on

Counts 1, 24 and 26, and five years each on Counts 25 and 28, all to run concurrently." (J.A. 160-161). The court announced that during the supervised period, Lassiter must abide by mandatory and discretionary conditions, including several "special conditions" of release. Among the "special conditions" Judge Davis announced from the bench were drug testing and treatment directives. (J.A. 161-162).

On February 24, 2022, the district court entered final Judgment. (J.A. 167-173). In its Judgment, the court reduced to writing the 300-month sentence it pronounced from the bench the previous day, followed by five years of supervised release. The "special conditions of supervision" contained in the Judgment were largely, but not entirely, consistent with the discretionary conditions Judge Davis imposed orally. (J.A. 171).

Dissatisfied with his 300-month prison sentence on remand, Lassiter directed counsel to appeal anew. Accordingly, counsel filed a timely Notice of Appeal. (J.A. 174-175).

B.    Statement of Relevant Facts

The Court recited in detail relevant facts underlying Lassiter's convictions in its prior opinion, United States v. Simmons, 999 F.3d 199, 208-12 (4th Cir. 2021). Because the instant appeal does not challenge those underlying facts, Lassiter does not restate them here.

6

## **SUMMARY OF THE ARGUMENT**

I.    Lassiter's convictions under 18 U.S.C. § 924(c)(1)(A) on Counts 25 and 28 for possession of a firearm in furtherance of two attempted murders must be vacated as plainly erroneous after United States v. Taylor, 142 S. Ct. 2015 (June 21, 2022).   Both Section 924(c) counts were ultimately predicated upon Virginia common law principles of criminal attempt.   In Taylor's wake, attempted murder under Virginia law is not a crime of violence within the ambit of 18 U.S.C. § 924(c)(3)(A).

II.    A.    This matter must be remanded for resentencing because the district court erred by including Special Condition of Supervision 1 and Standard Condition of Supervision 12 in its Judgment. (J.A. 170-171).   A material inconsistency exists between Special Condition 1 as pronounced at Lassiter's sentencing hearing and the written rendition of that supervised release condition in the district court's Judgment.   As a result of this inconsistency, Lassiter's entire sentence must be vacated and remanded for a new sentence on all counts of conviction under United States v. Rogers, 961 F.3d 291, 296 (4th Cir. 2020).

B.    In addition to the Rogers error with respect to Special Condition 1 and Standard Condition 12 must be vacated because it is an overbroad delegation of authority to Lassiter's probation officer.   Standard Condition 12 is hopelessly vague, particularly since it fails to define "risk."

7

## **ARGUMENT**

### **Standard of Review**

I.    Lassiter's challenge to the merits of his convictions under 18 U.S.C. § 924(c) (Counts 25 and 28) is reviewed for plain error because he did not raise this argument in the district court. United States v. Lockhart, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

II.    A.    De novo review governs Lassiter's attack upon supervised release Special Condition 1 in the court's Judgment following remand.  The Rogers error which taints Special Condition 1 is reviewed de novo because Lassiter lacked an opportunity to object below. United States v. Cisson, 33 F.4th 185, 193 (4th Cir. 2022).

B.    The Court should review Lassiter's appeal of Standard Condition 12 for abuse of discretion.  Lassiter did not raise this specific objection below. Nonetheless, Lassiter urged the court below on remand to impose a below-Guidelines sentence at the statutory minimum of 240 months. (J.A. 105).  By asking for a mandatory minimum sentence 60 months below the period of imprisonment imposed by the district court on remand, Lassiter sufficiently preserved this supervised release issue for abuse of discretion examination rather than plain error review. United States v. Lewis, 958 F.3d 240, 243 and note 2 (4th Cir. 2020); United

8

States v. Ross, 912 F.3d 740, 746 and note 2 (4th Cir. 2019); United States v. Tyson,

2022 U.S. App. LEXIS 8448, *3 (4th Cir. Mar. 30, 2022) [unpublished].

**I.    LASSITER'S CONVICTIONS UNDER 18 U.S.C. § 924(C) ON COUNTS 25 AND 28 ARE NO LONGER LAWFUL AS A RESULT OF UNITED STATES V. TAYLOR, 142 S. CT. 2015 (JUNE 21, 2022).**

The question presented in United States v. Taylor, 142 S. Ct. 2015 (June 21,

2022) (affirming United States v. Taylor, 979 F.3d 203 (4th Cir. 2020)) was whether

attempted Hobbs Act robbery is categorically a crime of violence under the elements

clause of 18 U.S.C. § 924(c)(3)(A).  A person is guilty of a federal offense under the

Hobbs Act if he commits, attempts to commit, or conspires to commit a robbery that

affects interstate commerce. 18 U.S.C. § 1951(a).

Under 18 U.S.C. § 924(c)(3)(A), known as the elements clause, a felony

constitutes a categorical "crime of violence" if it "has as an element the use,

attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A).

The Supreme Court in Taylor, affirming the Fourth Circuit, began by

comparing the elements of completed and attempted Hobbs Act robbery.  To convict

a defendant of carrying out a completed Hobbs Act robbery, the government must

prove he unlawfully took or obtained property "…from the person…of another,

against his will by means of actual or threatened force." 18 U.S.C. § 1951(b).

Parsing this statutory text, Justice Gorsuch explained that attempted Hobbs Act

robbery consists of two essential elements.

9

… (2) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a substantial step toward that end.

Taylor, 142 S. Ct. at 2020.

Applying the strict, categorical approach required by Supreme Court jurisprudence, Justice Gorsuch explained in his majority opinion that attempted Hobbs Act robbery did not satisfy the elements clause of Section 924(c)(3)(A), even though completed Hobbs Act robbery easily qualifies as a crime of violence. Taylor, 142 S. Ct. at 2020. In reaching this conclusion, the Taylor majority acknowledged that a defendant cannot be found guilty of attempted common law or Hobbs Act robbery unless the defendant both intended to take another's property by force or threat and took a "substantial step" toward achieving that criminal objective. The defendant need not use or threaten to use force to be found guilty of *attempted* Hobbs Act robbery, even though actual or threatened use of force is an essential element of *completed* Hobbs Act robbery. Taylor, 142 S. Ct. at 2020. Therefore, attempted Hobbs Act robbery is not a proper predicate for a Section 924(c) conviction because it is not a categorical crime of violence. Id. at 2026.

Much like attempted robbery, the crime of attempted murder does not categorically require either actual or attempted use of force. Lassiter's conviction for the attempted murder of Nino illustrates this critical point.

At trial, the jury convicted Lassiter of the VICAR attempted murder of Nino in violation of 18 U.S.C. § 1959(a)(5). In rejecting Lassiter's challenge to the evidentiary sufficiency of this conviction, the Court made clear in its prior opinion disposing of Lassiter's first appeal that the use of violent force is decidedly not a necessary element of VICAR attempted murder. United States v. Simmons, 999 F.3d 199, 231-32 (4th Cir. 2021).

Because the Second Superseding Indictment "…only alleges that the attempted murder [of Nino and Lanez] violated Virginia law, we look only to Virginia law in determining whether the attempted crime occurred," the Court wrote in Simmons, 999 F.3d at 228. Under VA CODE ANN. § 18.2-32, the Simmons Court explained, attempted murder consists of two essential elements: (1) a specific intent to kill the victim and (2) an overt act in furtherance of that homicidal intent. Simmons, 999 F.3d at 228-29 (citing Commonwealth v. Herring, 288 Va. 59 (2014)).

Applying these principles of Virginia criminal law, the Court held that sufficient evidence supported the jury's verdict that Lassiter was guilty of attempting to murder Nino. The Court identified a single overt act by Lassiter and his

11

co-defendants which rendered them guilty of attempting to murder Nino. The men took the preparatory steps of obtaining firearms and driving to Nino's apartment. They then carried out an overt, "substantial act" toward completing the alleged plan to kill Nino when they knocked on his door.

> …[T]the act of knocking on Nino's door was Defendants' chosen means of commencing the murder by drawing Nino out of his apartment to be shot. Though the act of knocking may be slight, a slight act is an overt one if it commences an element of the intended offense…

Simmons, 999 F.3d at 231 [internal quotations omitted].

Thus, knocking on the intended victim's door was a sufficient "substantial act" to sustain a conviction for attempted murder. Door knocking does not involve actual or attempted use of "force" against another's person or property within the meaning of the elements clause of Section 924(c). See United States v. Allred, 942 F.3d 641, 652 (4th Cir. 2019) (explaining that "the term 'physical force' has been interpreted to mean 'violent force,' that is, 'force capable of causing physical pain or injury to another person.' A mere 'offensive touching,' of the sort sufficient to sustain a prosecution for battery at common law, does not amount to 'violent force' under the force clause" of 18 U.S.C. § 924(e)(2)(B)(i)) (quoting Johnson v. United States, 559 U.S. 133, 139-140 (2010)).

Under Taylor, 142 S. Ct. at 2025-2026, VICAR attempted murder, like attempted Hobbs Act robbery, is not categorically a "crime of violence" within the

12

elements clause of Section 924(c)(3)(A). Attempted murder can be effectuated without any violent force against the intended victim, just as a person can attempt a robbery (a crime of violence) without resorting to violence.

Lassiter acknowledges that prior to the Supreme Court's opinion in <u>Taylor</u> on June 21, 2022, Fourth Circuit precedent strongly suggested that because the substantive offense of murder is a crime of violence for Section 924(c)(3)(A) purposes, so too is the inchoate crime of attempted murder. The Fourth Circuit's decision in Taylor adopted this position, at least in <u>dictum</u>. An attempt to commit a substantive offense qualifies as a "crime of violence" if the substantive – or completed – offense invariably involves the actual or threatened use of force, Judge Motz wrote in <u>United States v. Taylor</u> 979 F.3d 203, 209 (4th Cir. 2020) (Motz, J.). "Such an attempt constitutes a 'crime of violence' within the meaning of the force clause in 924(c)(3)." <u>Taylor</u>, 979 F.3d at 209 (<u>citing</u> <u>United States v. Mathis</u>, 932 F.3d 242, 265 (4th Cir. 2019) (explaining that "[m]urder 'requires the use of force capable of causing physical pain or injury to another person'" and therefore "qualifies categorically as a crime of violence under the force clause.")); <u>accord</u> <u>United States v. Williams</u>, 834 Fed Appx. 6, *6-7 (4th Cir. Jan. 21, 2021) [unpublished] (rejecting defendant's argument that his attempted murder conviction did not qualify categorically as a crime of violence under Section 924(c)(3)(A); <u>United States v. Villegas</u>, 777 Fed. Appx. 660, 661 (4th Cir. Sept. 23, 2019)

13

[unpublished]; see United States v. Shepard, 741 Fed. Appx. 970, 972 (4th Cir. Nov. 19, 2018) [unpublished]; Martinez-Aguilar v. United States, 2021 U.S. Dist. LEXIS 247233 **4-5 (D. Md. Dec. 27, 2021); but see United States v. Campos, 2022 U.S. Dist. LEXIS 7233, *11 (E.D. Va. Jan 13, 2022) (observing that as a result of Taylor, "it is doubtful that attempted murder of a federal officer is a valid predicate of violence for § 924(c) under the current state of the law in the Fourth Circuit").

This Fourth Circuit precedent predated the Supreme Court's decision in Taylor on June 21, 2022. While the Supreme Court in Taylor affirmed the Fourth Circuit, it did not embrace the Fourth Circuit's position that an attempt crime is categorically a crime of violence under Section 924(c)(3)(A) if the corresponding substantive offense necessarily involves the actual, attempted, or threatened use of violent force against another's person or property. Justice Gorsuch emphasized that in determining whether an attempt crime qualifies as a crime of violence, the issue is whether the defendant must take a substantial step toward completion that necessarily involves actual, attempted, or threatened force. While a completed Hobbs Act robbery, like murder, is universally recognized to qualify as a "crime of violence" under Section 924(c)(3)(A), the same is not true of the inchoate crime of attempted Hobbs Act robbery, Taylor established at the Supreme Court level. A defendant may become guilty of attempted robbery (or murder) merely by carrying out a nonviolent yet substantial act toward completion of the substantive offense of

14

robbery (or murder).  "Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause," Justice Gorsuch declared. Taylor, 142 S. Ct. at 2020 [emphasis in the original].

Lassiter's conviction on Counts 25 and 28 should be vacated on plain error review.  The error is plain in the aftermath of Taylor, which established that the inchoate crime of attempted robbery is not a crime of violence under Section 924(c)(3)(A).  Nothing in Justice Gorsuch's majority opinion implies that the Taylor Court's analysis does not extend to Section 924(c) charges predicated on other attempt crimes, such as VICAR attempted murder.

This plain Taylor error affects Lassiter's substantial rights. See United States v. Lockhart, 947 F.3d 187, 191 (4th Cir. 2010) (en banc) (explaining that plain errors are reversible if they affect defendant's substantial rights).  The sentences imposed by the district court as a result of the two Section 924(c) convictions total 15 years in prison consecutive to the 10 years Lassiter received on the racketeering conspiracy charged in Count 1.  The Court should notice and reverse these erroneous convictions because imposition of such lengthy consecutive sentences "…seriously affects the fairness, integrity or public reputation of judicial proceedings." Lockhart, 947 F.3d at 191 [citations omitted].

**II.**     **LASSITER'S SENTENCE MUST BE VACATED AND REMANDED FOR RESENTENCING BECAUSE THE DISTRICT COURT ERRED BY IMPOSING SUPERVISED RELEASE SPECIAL CONDITION 1 AND STANDARD CONDITION 12.**

    A.     <u>The Material Inconsistency Between The District Court's Oral Pronouncement Of Special Condition 1 At Lassiter's Sentencing Hearing And The Written Version In The Final Judgment Requires Remand</u>.

In <u>United States v. Rogers</u>, 961 F.3d 291 (4th Cir. 2020), the Court held that a district court must pronounce orally all discretionary conditions of supervised release at the defendant's sentencing. <u>Id</u> at 296-99. Discretionary conditions that appear previously unpronounced in a written judgment are nullities. Vacatur and remand for resentencing become necessary to harmonize the trial court's oral and written supervised release conditions. <u>United States v. Singletary</u>, 984 F.3d 341, 344, 346 and note 4 (4th Cir. 2021) (holding that remedy for <u>Rogers</u> error "is to vacate the sentence and remand for the district court to resentence" defendant and rejecting government's argument that vacatur should be limited to supervised release aspect of sentence).

Applied here, these <u>Rogers</u> precepts make clear Lassiter's sentence must be vacated on account of the material inconsistency between Special Condition 1 as pronounced orally and as it appears in the Judgment.

At Lassiter's resentencing hearing on February 23, 2022, in Norfolk, Judge Davis from the bench fixed "mandatory," "standard," and "special" conditions of

Appellant's five-year term of supervised release.[5]  The subject of Special Condition

1 was treatment Lassiter must undergo should he test positive for illicit drug use on

supervised release.  At the resentencing hearing, Judge Davis declared,

> If he tests positive for the use of illicit substances, he shall participate
> in a program approved by the probation office for substance abuse,
> which program may include residential treatment and testing to
> determine whether he's reverted to the use of drugs or alcohol, with
> partial costs to be paid by him, *to the extent he's capable*, as directed
> by the probation officer.

(J.A. 161) [emphasis added].

The proviso italicized above does not appear in Special Condition 1 in the

written Judgment, which is quoted below:

> 1)     If the defendant tests positive for the use of illicit substances, he
> shall participate in a program approved by the United States Probation
> Office for substance abuse, which program may include residential
> treatment and testing to determine whether the defendant has reverted
> to the use of drugs or alcohol, with partial costs to be paid by the
> defendant, all as directed by the probation officer.

(J.A. 171)

This material inconsistency warrants vacatur.  Judge Davis stated from the

bench that Lassiter must pay for "partial costs" of drug treatment only to the extent

his financial condition allowed. (J.A. 171) The written Special Condition 1,

---

[5]   A few supervised release conditions are mandatory by virtue of 18 U.S.C.
§ 3583(d) and U.S.S.G. § 5D1.3(a).  Other conditions of supervised release are
discretionary.   Some discretionary conditions are treated by the United States
Sentencing Commission as "standard," U.S.S.G. § 5D1.3(c), while others are labeled
"special conditions" in the Guidelines.  U.S.S.G. §§ 5D1.3(d)-(e).

17

however, requires Lassiter to pay the "partial costs" of treatment, regardless of his financial ability.

This is not a harmless deviation from the oral sentence. Should Lassiter become impecunious following his release from prison, he would be unable to pay for drug treatment.  His poverty in that event might expose Lassiter to the risk of revocation proceedings. United States v. Johnson, 765 F.3d 702, 711-712 (7th Cir. 2014) (declaring that "a requirement that the defendant bear the costs of certain mandatory treatments, programs, or testing, without qualification, must be modified to make explicit when, and under what circumstances, the defendant is required to pay for services mandated in the conditions of supervised release. . . . [W]ithout this rule, the defendant's supervised release may be revoked for mere inability to pay, which "would constitute imprisonment for debt.") [internal quotations omitted].

Judge Davis' oral pronouncement of supervised release conditions control over any inconsistent conditions embedded in t*-/he written Judgment. United States v. Singletary, 984 F.3d 341, 344 (4th Cir. 2021) (citing Rogers, 961 F.3d at 295-299)).  A Rogers error such as this one is reviewed de novo because Lassiter had no opportunity to object below. Cisson, 33 F.4th at 193 ("We thus reemphasize today what we held in Rogers: when a defendant claims that a district court committed a Rogers error, we 'review the consistency of [the defendant's] oral sentence and the written judgment de novo.'") (quoting Rogers, 961 F.3d at 296)).  Applying de novo

18

review, the Court should vacate the Judgment and remand this matter for resentencing as to both Lassiter's term of imprisonment and term of supervised release. <u>Cisson</u>, 33 F.4th at 191 (confirming "that the proper remedy for a <u>Rogers</u> error is to vacate the sentence and remand to the district court for resentencing."); <u>United States v. Brown</u>, 2022 U.S. App. LEXIS 21979, *6 (4th Cir. August 9, 2022) [unpublished].

  B. <u>The Risk-Notification Requirement In Standard Condition 12 Is An Unduly Vague And Overbroad Delegation Of Authority To Lassiter's Probation Officer.</u>

  Supervised release conditions to be lawful must relate directly to Congress' codified sentencing considerations and goals.  Congress' overriding imperative is that conditions of supervised release cause "no greater deprivation of liberty than is reasonably necessary" to promote legislative objectives listed in 18 U.S.C. § 3553(a)(2)(B)-(D).  See 18 U.S.C. § 3583(d)(2).  The Guidelines reinforce these statutory constraints on the otherwise broad latitude of trial judges to fashion supervised release terms and conditions.  U.S.S.G. § 5D1.3(b).

  Standard Condition 12 in the Judgment of February 23, 2022, provides,

> …12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

(J.A. 170).

The risk-notification requirement in Standard Condition 12 is statutorily and unconstitutionally impermissible.  Because the term "risk" is inherently vague, this condition of supervised release impermissibly delegates overbroad discretion to the probation officer to inform prospective employers and others about "risks" posed by the defendant.

In recent years other circuits have struck risk-notification provisions similar to Standard Condition 12 as unduly intrusive, overbroad, and "hopelessly vague." United States v. Hill, 818 F.3d 342, 345 (7th Cir. 2016) (declaring risk-notification provision similar to Standard Condition 12 "hopelessly vague"); accord, United States v. Boles, 914 F.3d 95, 112 (2d Cir. 2019) (vacating risk-notification requirement similar to Standard Condition 12 because the condition "extends to warning employers of risk and gives the probation office unfettered discretion with respect to the notification requirement"); United States v. Evans, 883 F.3d 1154, 1162-64 (9th Cir. 2018); United States v. Cabral, 926 F.3d 687, 697-98 (10th Cir. 2019).

Risk-notification conditions such as Standard Condition 12 are ambiguous because they provide no ". . . indication of . . . what 'risks' must be disclosed." United States v. Thompson, 777 F.3d 368, 379 (7th Cir. 2015).  Permitting a probation officer to define which "risks" must be disclosed ". . . invites arbitrary enforcement" and renders Standard Condition 12 unenforceable on both statutory

20

and due process grounds. See United States v. Oliver, 2022 U.S. App. LEXIS 11301 at *14 and note 6 (4th Cir. Apr. 26, 2022) ("We have suggested that imposing this condition without giving the probation officer meaningful guidance in applying it may be an improper delegation of judicial power.") (citing United States v. Boyd, 5 F.4th 550, 558 (4th Cir. 2021)).  This condition clothes the probation officer with unchecked authority to alert Lassiter's acquaintances and actual or prospective employers about an undefined "risk" the government official decides he presents. Standard Condition 12 allows a probation officer to make decisions that adversely affect Lassiter's "fundamental right to familial association" and impose an "occupational restriction" without filing a revocation petition.  Cabral, 926 F.3d at 698.  The risk-reporting condition, then, is unlawfully vague and overbroad under 18 U.S.C. §§ 3553(a) and 3583(d)(2) and the Fifth Amendment.

## CONCLUSION

For the foregoing reasons, the Court should reverse Appellant Malek Lassiter's convictions on Counts 25 and 28, vacate Special Condition of Supervision 1 and Standard Condition of Supervision 12, and remand this matter for resentencing.

21

## **REQUEST FOR ORAL ARGUMENT**

Lassiter requests an opportunity to argue orally before the Court in support of his appeal.  Oral argument should assist the Court in applying the legal principles outlined above with respect to Counts 25 and 28 and the supervised release conditions in issue.

Respectfully submitted,

By: /s/Paul G. Beers

Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
E-mail: pbeers@glennfeldmann.com

Counsel for Malek Lassiter

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*4,803*] words.

[　] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[　] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>September 16, 2022</u>       <u>/s/ Paul G. Beers</u>
                                      *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 16th day of September, 2022, I caused this Amended Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Andrew C. Bosse
OFFICE OF THE U.S. ATTORNEY
101 West Main Street, Suite 8000
Norfolk, Virginia  23510
(757) 441-6331
*Counsel for Appellee*

Richard D. Cooke
OFFICE OF THE U.S. ATTORNEY
919 East Main Street, Suite 1900
Richmond, Virginia  23219
(804) 819-5471
*Counsel for Appellee*

I further certify that on this 16th day of September, 2022, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee at the above addresses.

/s/ Paul G. Beers
*Counsel for Appellant*